IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA           )
                                   )
       Plaintiff,                  )
                                   )
v.                                 ) No. 4:25-CR-00288 CMS
                                   )
WILLIAM R. MURPHY,                 )
                                   )
       Defendant.                  )

**DEFENDANT'S SENTENCING MEMORANDUM**

William Murphy is before the court after pleading to one count of Production of Child Pornography and one count of Coercion and Enticement of a Minor.   The parties are recommending a sentence of 324 months.  Based on the 18 U.S.C. §3553(a) factors contained with the Presentence Investigation Report and this Sentencing Memorandum, we are requesting the court accept the parties' recommendation and sentence Mr. Murphy to 324 months in the Bureau of Prisons.

    I.    Law

    Pursuant to Title 18, United States Code, Section 3553, "The Court shall impose a sentence sufficient, but not greater than necessary…" To make this determination, the Court is instructed to balance several pertinent factors.  These factors include:   the nature and characteristics of the offense and the history and characteristics of the defendant.  *Id.*  When considering the need to impose a sentence, the statute instructs the Court to consider the following:

    (A) The need to reflect the seriousness of the offense, to promote
    respect for the law, to provide just punishment for the offense; (B)

afford adequate deterrence to future criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.*

## II.     NATURE AND CHARACTERISTICS OF THE OFFENSE

The nature and characteristics of the offense are detailed in both the plea agreement and the Presentence Investigation Report.  In November of 2024, the Washington County Sheriff's Office was contacted by N.M. who stated that Mr. Murphy had been sexually abusing her daughter.  In the course of the investigation, law enforcement interviewed the juvenile victim who stated the sexual abuse had been going on for three years.  She also stated Mr. Murphy forced her to take sexually explicit photos of herself and send them to him.  If she did not, Mr. Murphy threatened to take away her privileges.  When she sent the photos, Mr. Murphy would allow her to spend time with her friends, go on shopping sprees with her, and provide her with gifts or money.

As part of the investigation, law enforcement seized and searched Mr. Murphy's phone.  As part of that search, they found 21 photographs of the juvenile victim engaged in sexual acts with Mr. Murphy or sexually explicit images of her.

## III.     NATURE AND CHARACTERISTICS OF THE DEFENDANT

William Murphy is 41 years of age and has lived between Missouri and Oklahoma. His parents separated when he was a baby.  His father moved to Oklahoma, so his father was not involved in his life during his younger childhood.  His mother raised him and his older brother.  His brother was diagnosed with leukemia as a small child and eventually succumbed to the disease when he was seven years old.  His death was difficult for him

and his mother.  His mother specifically took her child's death hard and turned to methamphetamine to numb her pain.   This led to chaos and instability for William since her addiction resulted in lack of food, housing instability, and no basic utilities.  Additionally, his mother frequently moved different men into the home which cause further chaos.   A cousin sexually abused William. He reverted into himself which made it difficult to make friends at school.   It was also around this time when he began drinking.  He did drop out of high school but eventually earned his GED.  His mother eventually became sober and married Scott Curry, who William had a good relationship with.

Prior to this offense, William had minimal criminal history.  He has one prior felony conviction for Manufacture of a Controlled Substance (Methamphetamine) and one misdemeanor offense for Property Damage which occurred around the same time.   He was released from prison in 2020 and began working as a mechanic.  This work has been consistent for him since his release from prison.  While he has worked at different companies, he would leave them for better opportunities with more pay.   He lost his last job when he was incarcerated in his state case which is connected to these charges.

Mr. Murphy is otherwise healthy but does take mental health medication for bipolar disorder he was diagnosed with in 2015.   After his arrest for Manufacturing a Controlled Substance, Mr. Murphy stopped his addiction to methamphetamine. At its worse, Mr. Murphy was using the drug daily.   For him, however, drinking has always been his biggest struggle.   At the time of his arrest, he was drinking daily.   In 2022, this father passed away.   William had been working on his relationship with his father while incarcerated in the Missouri Department of Corrections.   His father had moved to

Tennessee, so William was unable to travel to spend time with his father.  His father's death opened old wounds for William, and he began drinking every day.   His drinking included consuming 18 beers after he got off work.   He only stopped once he was arrested in the instance offense.   He has never had any treatment for his alcoholism or drug use.

While he was incarcerated, his divorce was completed.   His wife was awarded everything in the divorce including the property they lived.  This property was inherited by William through his family.   He has no other assets or property in which to pay any fines.

IV.    CONCLUSION

Mr. Murphy is extremely remorseful about his actions.   He wanted to take responsibility as quickly as possible to put this behind the victims.  The nature of his actions has left lasting trauma on his family.  He knows he will be and deserves punishment for his actions.  The 324-month joint recommendation is significant sentence that addresses the seriousness of his behavior.   We ask the court to follow the parties' joint recommendation based on all the 18 U.S.C. §3553(a) factors.   Such a sentence is sufficient but not greater than necessary to meet the statutory goals of 3553(a).

Respectfully submitted,

/s/Tara R. Crane
TARA R. CRANE, 52206MO
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255

Fax: (314) 421-3177
E-mail: Tara_Crane@fd.org

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system up Jillian Anderson, Assistant United States Attorney.

/s/Tara R. Crane
TARA R. CRANE, 52206MO
Assistant Federal Public Defender